

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed July 11, 2007**            **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| O.D. Shults, | § | CASE NO. 05-39298-BJH-7 |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Amended Objection to Exemptions (the "Objection") filed by Chapter 7 Trustee Robert Newhouse (the "Trustee"). The Objection seeks to disallow under 11 U.S.C. §§ 522(o) and 522(p) the homestead exemption claimed by O.D. Shults (the "Debtor") for property owned by the Debtor in Rockwall, Texas. The Court has jurisdiction over the Objection,

which was heard on June 27, 2007, in accordance with 28 U.S.C. §§ 1334 and 157(b)(2)(B). The Court's findings of fact and conclusions of law follow.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On August 17, 2005, the Debtor filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code (the "Code"). In the schedules filed by the Debtor along with his petition, he listed his real property located in Rockwall, Texas as exempt under Section 522(b) of the Code. The Debtor based this exemption on the homestead provisions of the Texas Constitution and the Texas Property Code. *See* TEX. CONST. art. XVI, §§ 50 and 51; TEX. PROP. CODE §§ 41.001-.002.

On November 16, 2005, the meeting of creditors mandated by Section 341 of the Code was held and concluded. On January 10, 2006, the Debtor voluntarily converted his bankruptcy case to a case under Chapter 7 of the Code. On January 20, 2006, the Debtor filed an amended set of schedules, including an amendment to his Schedule C exemptions. On February 27, 2006, a second, post-conversion Section 341 meeting was held and concluded. On March 24, 2006, the Trustee objected to the Debtor's claim of exemptions. The Objection is the subject of this Memorandum Opinion and Order.

II.     **LEGAL ANALYSIS**

The Objection argues that the Debtor's claimed homestead exemption should either be disallowed entirely under Section 522(o) of the Code or disallowed partially under Section 522(p) of the Code. The Debtor's response to the Objection begins by arguing that the Objection is untimely. Since the Court agrees that the Objection is untimely for the reasons stated below, there is no need to address the other legal arguments contained in the Debtor's response.

Federal Rule of Bankruptcy Procedure 4003(b) provides, in part:

> A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.

The Trustee contends that the Objection was timely because it was filed within 30 days after the second, post-conversion Section 341 meeting in this case. The Debtor maintains that the F.R.B.P. 4003(b) deadline does not recommence upon conversion from Chapter 13 to Chapter 7.

The Court notes that there is a clear division among courts regarding the question of whether the Rule 4003(b) objection deadline restarts after conversion from Chapter 13 to Chapter 7. *See In re Fonke*, 321 B.R. 199, 201 (Bankr. S.D. Tex. 2005) (describing split in authority). There is no controlling authority in this Circuit. *Id.* at 202. However, in *In re Fonke*, Judge Marvin Isgur held, in a thoughtful opinion, that the claim objection deadline does not recommence upon conversion of a case from Chapter 13 to Chapter 7. *Id.* at 208-09. The Court[1] finds the *Fonke* analysis persuasive and will follow it here. Accordingly, for the reasons stated in *Fonke*, the Court concludes that the conversion of this case from Chapter 13 to Chapter 7, and the consequent convening of a second Section 341 meeting, does not extend the F.R.B.P. 4003(b) deadline for objecting to the Debtor's claimed exemptions. Therefore, the Trustee's Objection is untimely, and is hereby **DENIED**.

**SO ORDERED**.

### End of Memorandum Opinion and Order ###

---

[1] Because this issue has not been addressed by any judge of this Court, before issuing this Memorandum Opinion and Order, the undersigned conferred with all other judges of this Court, each of whom agreed with *Fonke*'s conclusion that the objection deadline does not recommence upon conversion of a case from Chapter 13 to Chapter 7.